I concur in Judge Farmer's analysis of both the 1986 agreement between Mobile Aerial Towers (MAT) and Hi-Ranger and the 1992 agreement between Hi-Ranger and appellee. Accordingly, I concur in Judge Farmer's and Judge Gwin's conclusion appellant cannot establish liability on the part of appellee under the express or implied assumption of liability exception set forth in Flaugher v. Cone Automotive Machine Co.[1] I further concur in Judge Farmer's analysis and conclusion a de facto merger of appellee and Hi-Ranger did not occur under the 1992 agreement.
Judge Farmer identifies and addresses three arguments made by appellant why Hi-Ranger should remain liable for MAT's products under Flaugher. As noted supra, I agree with Judge Farmer's and Judge Gwin's rejection of appellant's first two arguments regarding interpretation of the 1986 agreement. However, I believe Judge Farmer improperly relies on WelcoIndustries, Inc. v. Applied Companies[2] in rejecting appellant's third public policy argument and Judge Gwin improperly relies on Welco in rejecting appellant's mere continuation of business argument.
Welco involved a breach of contract claim against a successor corporation. Although public policy considerations embodied in tort law are inapplicable when considering whether to expand successor corporate contractual liability, Welco does not preclude its consideration in this tort case. It was tort public policy considerations which led the Ohio Supreme Court to recognize, in Flaugher, four exceptions to the general rule a corporation who buys the assets of a manufacturer is not liable for injury resulting from the manufacturer's defective products. To prevail, appellant must satisfy one or more of those four exceptions.
Judge Farmer fails to identify or address appellant's fourth argument, i.e., HiRanger was a mere continuation of MAT.[3] If Hi-Ranger is a mere continuation of MAT and appellee is a mere continuation of Hi-Ranger, appellant argues appellee may be held liable for MAT's defective product under the third exception in Flaugher.[4]
While recognizing the argument, Judge Gwin concludes the mere continuation exception is inapplicable in this case because there was no continuation of the corporate entity.
The basis of my dissent is centered upon appellant's argument sufficient evidence was presented to create a genuine disputed fact whether appellee is a mere continuation of Hi-Ranger[5] which was, in turn, a mere continuation of MAT. If so, appellee could be held liable for MAT's product under the "mere continuation" exception in Flaugher.
Judge Farmer discusses some factors the de facto merger and mere continuation of business exceptions have in common when analyzing appellant's de facto merger argument. However, Judge Farmer does not directly address appellant's "mere continuation" of business argument. The mere continuation of business exception focuses on significant shared features between the successor and predecessor corporations, such as the same employees, a common name, or the same management.[6]
Judge Gwin addresses the mere continuation of business argument but concludes the expanded notion of the theory of continuation in a tort case was rejected by the Ohio Supreme Court in Flaugher. I disagree.
Although the plaintiff in Flaugher may not have been able to meet the mere continuation of business exception under the facts of that particular case, such failure does not mean the Ohio Supreme Court refused to adopt the theory in a tort case. To the contrary, the Ohio Supreme Court specifically adopted the theory in its syllabus in addition to the de facto merger or consolidation exception. While the Ohio Supreme Court refused to adopt the product line theory of liability, it specifically adopted the mere continuation of business exception.
According to the 1982 agreement, Hi-Ranger purchased the entirety of MAT's assets and the business, as a going concern, including without limitation its goodwill, customer list, corporate name, trademark, trade names, brand names, patents and patent applications.[7] MAT employees were asked to transfer to Hi-Ranger and all MAT employees had the opportunity to transfer. Hi-Ranger made the exact same product made by MAT. The product had the same markings and logo. The products were made with the same tools.
Appellee subsequently purchased every asset necessary to continue Hi-Ranger's business, both tangible and intangible, including the Hi-Ranger brand name once owned by MAT and Hi-Ranger's customer list. Appellee offered jobs to all HiRanger's employees. Those Hi-Ranger employees who agreed to relocate to appellee's facility continued the same functions they had performed for Hi-Ranger. The products they worked on for appellee were exactly the same as they had worked on at Hi-Ranger. The products were designed and looked the same. The logo was the same. Appellee honored Hi-Ranger's warranties. Finally, appellee grossed over $211 million from products bearing the Hi-Ranger brand name.
When considering these facts in a light most favorable to appellant, reasonable minds could differ whether Hi-Ranger was a mere continuation of MAT and whether appellee, in turn, was a mere continuation of Hi-Ranger. Accordingly, I would reverse the trial court's entry of summary judgment for appellee and remand this case to the trial court.
[1] 30 Ohio St.3d 60, (1987), paragraph one of the syllabus.
[2] 67 Ohio St.3d 344, (1993).
[3] Appellant's Brief at 10.
[4] Purchaser corporation is a mere continuation of the seller corporation.
[5] Appellant's Brief at 12.
[6] Flaugher, supra at 64.
[7] 1982 Agreement at 2.